IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

DONALD FOSTER                          §

VS.                                    §          CIVIL ACTION NO.    9:21-CV-105

DIRECTOR TDCJ-CID                      §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Donald Foster, a prisoner confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner was charged in disciplinary case #20200226943[1] with assaulting a correctional officer.  On July 8, 2020, the housing committee met and determined that Petitioner should be assigned to restrictive housing while the disciplinary case was pending.  Petitioner contends that the housing change was retaliatory, was based on falsified documents, and was extended after he was found guilty of the disciplinary charge.  In addition, Petitioner contends that the conditions of confinement in restrictive housing are worse than in general population.

---

[1]    Petitioner filed a separate petition challenging the disciplinary proceeding. *See Foster v. Director*, No. 9:21-CV-42 (E.D. Tex.).  This Petition only concerns Petitioner's assignment to restrictive housing and the conditions of his confinement in restrictive housing.

<u>Analysis</u>

In general, inmates do not have a protected property or liberty interest in their custodial classifications. *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). The Constitution itself "does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Federal courts will not interfere with classification decisions except in extreme circumstances. *Hernandez*, 522 F.3d at 562; *Jackson v. Cain*, 864 F.2d 1235, 1247-48 (5th Cir. 1989); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971). Petitioner has not demonstrated that he was subject to extreme or harsh conditions of confinement as a result of his custody level. Further, Petitioner's claims regarding the circumstances of his housing classification, his assignment to restrictive housing, and the conditions of confinement in restrictive housing are not cognizable in a habeas petition because they do not concern the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). As a result, this Petition should be denied

<u>Recommendation</u>

This Petition for Writ of Habeas Corpus should be denied.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

2

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 29th day of July, 2024.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE